FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

02 JAN 18 AM 8:51

U.S. DISTRICT COURT
N.D. OF ALABAMA

DONNIA SALTER,

    Plaintiff,

vs.                                              CASE NO.: CV-02-J-100-NW

LIFE INSURANCE COMPANY OF
NORTH AMERICA, d/b/a CIGNA,

ENTERED

    Defendant.                               JAN 18 2002

**MEMORANDUM OPINION**

This cause comes before this court *sua sponte* on the defendant's Notice of Removal (doc. 1). This case was originally filed in the Circuit Court of Lauderdale County, Alabama, alleging a sole cause of action for bad faith refusal to pay benefits. The defendant previously removed the case to this court claiming the plaintiff seeks to recover benefits under an employer-sponsored group disability plan, thus causing the plaintiff's claim to be preempted by ERISA. *See* CV 01-J-1289-NW. The court remanded that case.

The plaintiff's bad faith claim in CV-01-1289-NW was based on this court's opinion in *Gilbert v. Alta Health and Life Insurance Company,* 122 F.Supp.2d 1267 (N.D.Ala. 2000) and the Honorable William Acker's opinion in *Hill v. Blue Cross Blue Shield of Alabama*, 117 F.Supp.2d 1209 (N.D.Ala.2000). Both of these cases are decided based on the ERISA savings clause found in 29 U.S.C. §1144 (b)(2)(A). On December 27, 2001, the Eleventh Circuit issued its opinion in *Gilbert v. Alta Health and Life Insurance Company*, 2001 WL 1657170, reversing this court's finding that bad faith claims under Alabama law are not preempted by ERISA. Hence, the defendant again removed the original bad faith claim from



state court.[1]

The court notes that the Eleventh Circuit's opinion in *Gilbert* has not yet issued as a mandate. In fact, a petition for rehearing *en banc* and for rehearing was submitted in that case on January 16, 2002. Thus, the court considers this Notice of Removal to be premature. The court further notes that an ERISA claim on these identical facts is already pending before this court. *See Salter v. Life Insurance Company of North America, d/b/a CIGNA,* CV 01-J-2494-NW. As such, this second removal of this case under the same theory as before, with an ERISA action already pending here, merely duplicates already pending litigation.[2]

The court having considered the foregoing and being of the opinion that this case was improvidently removed, it is therefore **ORDERED** by the court that the this case is **REMANDED** to the Circuit Court for Lauderdale County.

**DONE** and **ORDERED** this the __17__ day of January, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[1] The court finds this second removal peculiar in that, under defendant's theory, the plaintiff is limited solely to an ERISA cause of action. The plaintiff already has such a claim pending here. Thus, removing the case to this court to next argue that the sole claim in the complaint should dismissed because it is preempted accomplishes nothing because the only claim the plaintiff may bring, under defendant's theory, is already pending here.

[2] The court expresses no opinion on the defendant filing a motion to dismiss this action based on the arguments made in the defendant's notice of removal in the state court in which this action is pending.